**Order entered July 3, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-01065-CR

### ARTHUR FRANKLIN MILLER, JR., Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-81265-2013**

## ORDER
Before Justices Lang, Stoddart, and Schenck

Appellant appealed this case to this Court, urging in a single issue that he received ineffective assistance of counsel. On June 1, 2015, this Court affirmed the trial court's judgment.

On May 23, 2018, the Court of Criminal Appeals remanded this case to this Court determine whether appellant demonstrated a reasonable likelihood that he would have opted for a jury if his attorney had correctly advised him about his probation eligibility from the trial court. Although the trial judge made oral findings at the conclusion of the September 2, 2014 hearing on appellant's motion for new trial, the court did not recite or enter any findings with respect to

whether appellant demonstrated a reasonable likelihood that he would have opted for a jury if his attorney had correctly advised him about his probation eligibility from the trial court.

The Texas Rules of Appellate Procedure require that we not affirm or reverse a judgment or dismiss an appeal if (1) the trial court's erroneous action or failure to act prevents the proper presentation of a case to the court of appeals and (2) the court can correct its action or failure to act. *See* TEX. R. APP. P. 44.4(a).

Accordingly, we **ORDER** the trial court to enter supplemental findings of fact and conclusions of law regarding whether appellant demonstrated a reasonable likelihood that he would have in fact opted for a jury if his attorney had correctly advised him about his probation eligibility from the trial court. *See* TEX. R. APP. P. 44.4. We **ORDER** the trial court to transmit a supplemental clerk's record containing the supplemental findings of fact and conclusions of law to this Court no later than **TWENTY DAYS** from the date of this order.

We **DIRECT** the Clerk to send copies of this order to the Honorable John Roach, Jr., Presiding Judge of the 296th Judicial District Court and to all counsel in this case.

We **ABATE** this appeal to allow the trial court to comply with this order. The appeal shall be reinstated **THIRTY DAYS** from the date of this order or when the supplemental clerk's record is received, whichever is earlier.

/s/      DAVID J. SCHENCK
            JUSTICE